UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MANUEL CAPOTE,

       Plaintiff,

v.

RW INSTALLATION INC.,
MJ&R CONSTRUCTION
MANAGEMENT GROUP LLC,
MARLENA STETTNER,
ROBERT WSZENDYBYL,

       Defendants.
_____/

# COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, MANUEL CAPOTE, brings this action against Defendants, RW INSTALLATION INC., MJ&R CONSTRUCTION MANAGEMENT GROUP LLC, and ROBERT WSZENDYBYL, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff MANUEL CAPOTE was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Defendant, RW INSTALLATION INC., was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of window installation, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

1

4.     At all times material hereto, Defendant, MJ&R CONSTRUCTION MANAGEMENT GROUP LLC, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of window installation, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5.     Defendants, RW INSTALLATION INC. and MJ&R CONSTRUCTION MANAGEMENT GROUP LLC, are a single enterprise under the Fair Labor Standards Act, performed related activities through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and have an annual gross sales and/or business volume of $500,000 or more.

6.     Defendants, RW INSTALLATION INC. and MJ&R CONSTRUCTION MANAGEMENT GROUP LLC, were joint employers of Plaintiff under the Fair Labor Standards Act, shared Plaintiff's services, had Plaintiff acting in the interest of each business, and shared common control of Plaintiff.

7.     Defendant, ROBERT WSZENDYBYL, is a resident of Broward County, Florida and was, and now is, the managing agent, director and owner of Defendant, RW INSTALLATION INC.; said Defendant acted and acts directly in the interests of Defendant, RW INSTALLATION INC., in relation to said co-Defendant's employees. Defendant effectively dominates RW INSTALLATION INC. administratively and otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, ROBERT WSZENDYBYL was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

8. Defendant, MARLENA STETTNER, is a resident of Broward County, Florida and was, and now is, the managing agent, director and owner of Defendant, MJ&R CONSTRUCTION MANAGEMENT GROUP LLC; said Defendant acted and acts directly in the interests of Defendant, MJ&R CONSTRUCTION MANAGEMENT GROUP LLC, in relation to said co-Defendant's employees. Defendant effectively dominates MJ&R CONSTRUCTION MANAGEMENT GROUP LLC administratively and otherwise acts, or has the power to act, on behalf of the corporation relative to its employees and had the authority to direct and control the work of others. Thus, MARLENA STETTNER was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

9. Defendant, ROBERT WSZENDYBYL, is a resident of Broward County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, MJ&R CONSTRUCTION MANAGEMENT GROUP LLC; said Defendant acted and acts directly in the interests of Defendant, MJ&R CONSTRUCTION MANAGEMENT GROUP LLC, in relation to said co-Defendant's employees. Defendant effectively dominates MJ&R CONSTRUCTION MANAGEMENT GROUP LLC administratively or otherwise acts, or has the power to act, on behalf of the corporation relative to its employees and had the authority to direct and control the work of others. Thus, ROBERT WSZENDYBYL was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

10. MJ&R CONSTRUCTION MANAGEMENT GROUP LLC is the successor entity to RW INSTALLATION INC.; MJ&R CONSTRUCTION MANAGEMENT GROUP LLC and its owners had notice of RW INSTALLATION INC.'s liability under the FLSA before the change in entity occurred; there exists a substantial continuity of business operations between RW Installation Inc. and MJ&R CONSTRUCTION MANAGEMENT GROUP LLC; MJ&R

CONSTRUCTION MANAGEMENT GROUP LLC operates at the same location as did RW INSTALLATION INC.; MJ&R CONSTRUCTION MANAGEMENT GROUP LLC uses the same or substantially the same work force as did RW INSTALLATION INC.; MJ&R CONSTRUCTION MANAGEMENT GROUP LLC uses the same or substantially the same supervisory personnel as RW INSTALLATION INC.; MJ&R CONSTRUCTION MANAGEMENT GROUP LLC employs the same jobs under substantially the same working conditions as did RW INSTALLATION INC.; MJ&R CONSTRUCTION MANAGEMENT GROUP LLC uses the same machinery, equipment, and methods of production as did RW INSTALLATION INC.; MJ&R CONSTRUCTION MANAGEMENT GROUP LLC produces the same products as did RW INSTALLATION INC.; MJ&R CONSTRUCTION MANAGEMENT GROUP LLC has expressly and/or impliedly assumed RW INSTALLATION INC.'s liabilities; MJ&R CONSTRUCTION MANAGEMENT GROUP LLC is a mere continuation of RW INSTALLATION INC.; and the change in entity from RW INSTALLATION INC. to MJ&R CONSTRUCTION MANAGEMENT GROUP LLC occurred for the purpose of Defendants to escape liability imposed by the FLSA.

11. Defendants use tools manufactured outside Florida in furtherance of their business.

12. Defendants use vehicles manufactured outside Florida in furtherance of their business.

13. Plaintiff was employed by Defendants as a installer and laborer.

14. Defendant, ROBERT WSZENDYBYL, controlled Plaintiff's pay.

15. Defendant, MARLENA STETTNER, controlled Plaintiff's pay.

16. Defendant, ROBERT WSZENDYBYL, controlled Plaintiff's duties.

17. Defendant, MARLENA STETTNER, controlled Plaintiff's duties.

18. Defendant, ROBERT WSZENDYBYL, had hiring and firing over Plaintiff.

19. Defendant, MARLENA STETTNER, had hiring and firing over Plaintiff.

20. Defendants failed to pay Plaintiff the full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate for all hours worked over 40 each week.

21. Defendants failed to Plaintiff any compensation for some of the overtime hours that Plaintiff worked.

22. Plaintiff has attached a Statement of Claim as <u>Exhibit A</u> to provide preliminary estimates of the damages. These amounts may change as Plaintiff engages in the discovery process.

23. Defendants have knowingly and willfully refused to pay Plaintiff his legally-entitled wages.

24. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

25. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

26. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-25 above as if set forth herein in full.

27. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

28. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email:  ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esquire
Bar No.: 74791